**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

March 7, 2019

LETTER TO ALL COUNSEL OF RECORD

Re:     *Deborah G. v. Social Security Administration*[1]
        Civil No. 18-cv-01976- JMC

Dear Counsel:

On June 28, 2018, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, (ECF Nos. 16, 17), and Plaintiff's response. (ECF No. 18). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Government's motion, and affirm the Social Security Administration's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed a claim for benefits on August 12, 2014, alleging disability beginning on July 22, 2013. (Tr. 13, 206-09). Her claim was denied initially and on reconsideration following appeal. (Tr. 132-35, 137-38). Administrative Law Judge ("ALJ") Michael J. Kopicki held a hearing on February 28, 2017. (Tr. 46-88). Following that hearing, on May 3, 2017, the ALJ determined that Plaintiff was not disabled from her alleged onset date through her date last insured. (Tr. 10-25). The Appeals Council denied her request for review on May 7, 2017, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–6).

In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,'

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" from July 22, 2013 through September 30, 2016. (Tr. 15). At step two, the ALJ determined that "through the date last insured, the claimant had the following severe impairments: degenerative disc disease ("DDD") of the lumbar spine; degenerative joint disease ("DJD") of the left knee; hypertension; and, carpal tunnel syndrome ("CTS") . . . ." (Tr. 16-18). At step three, the ALJ found that Plaintiff, through the date last insured, did not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff, through the date last insured, had the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a), such that she can lift or carry up to five pounds frequently and up to ten pounds occasionally; she can stand and/or walk for two out of eight hours; she can sit for six out of eight hours; she can frequently hand and finger, bilaterally; she requires work without repetitive movement requirements for her lower extremities; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally kneel, crouch and crawl; she can frequently stop; she requires work without concentrated exposure to extreme cold, wetness, vibration, fumes, odors, dust, poor ventilation, and hazards such as dangers machinery and unprotected heights.

(Tr. 19-24). Finally, at step four, the ALJ determined that, through the date last insured, Plaintiff was capable of performing past work as a computer support analyst as generally performed in the national economy. (Tr. 24-25).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff raises three arguments on appeal: (1) the ALJ improperly determined that Plaintiff's bilateral hand tremors and arthritis were non-severe; (2) that the ALJ's errors in Step 2 undermined the ALJ's RFC determination; and (3) that the ALJ erred at Step 4 in determining that Plaintiff could perform her past relevant work as a computer support analyst. Each argument is addressed in turn.

<u>Severe Impairments</u>

First, Plaintiff argues that the ALJ failed to properly determine that her bilateral hand tremors and arthritis constituted severe impairments. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See Conrad v. Commissioner*, Civ. No. SAG–12–2290, 2013 WL 1664370, at *2 (D. Md. Apr. 16, 2013) (citing 20 C.F.R. § 404.1521(a)). The claimant bears the burden of proving that her impairment is severe. *Id.* (citing *Johnson v. Astrue*, Civ. No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012)). Furthermore, this Court does not ask whether *all* of the evidence of record supports the ALJ's finding that the

claimant's impairments are non-severe.  Instead, the only question before this Court is whether the ALJ's finding is supported by substantial evidence and was reached through correct application of relevant law.  Specifically, "[i]n reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].  Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotations and citations omitted).

In this case, the ALJ, in light of the dearth of evidence produced, cited to substantial evidence of record to support his finding that Plaintiff's bilateral hand tremors constituted a non-severe impairment, including her own testimony concerning diagnosis and the examination of Joseph Savitt, M.D., Ph.D that noted the tremors were not present at rest and that the tremors seemed "too irregular for PD and too slow for ET or enhanced physiological tremor.  (Tr. 16).  The only evidence of record supporting a more severe impairment is that of Plaintiff herself and the portions of Dr. Savitt's examination cited within Plaintiff's response.  Given that the burden was on Plaintiff to establish that an impairment is severe, the ALJ correctly determined that there was simply not enough evidence presented to deem the impairment severe.

Similarly, the ALJ's determination as to Plaintiff's arthritis is supported by sufficient evidence. While Plaintiff attempts to utilize Dr. Leichtling's diagnosis on her alleged onset date, the ALJ correctly points out that the diagnosis begins and ends with "general back and joint aches." (Tr. 16, 430). This, in conjunction with Plaintiff's own testimony, other reports, and prescriptions, are reasonably insufficient to prove severity, especially in light of the actual diagnosis of arthritis that could impact fingering not occurring until after her date last insured.  (Tr. 16, 733).  Without more, the ALJ cannot be expected to accurately hypothesize the impact and extent of an undiagnosed impairment.

Furthermore, even if the Court were to determine that the ALJ erred in his evaluation, such error would be harmless.  Plaintiff met the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all of her impairments, both severe and non-severe, that impacted Plaintiff's ability to work.  (Tr. 19-24); *see* 20 C.F.R. § 404.1523.  Accordingly, this first argument is without merit.

*RFC Determination*

Plaintiff' second argument flows from the first, in that because the ALJ erred in Step 2, the RFC determination, especially regarding handling and fingering, is incorrect.  This Court, however, finds that the ALJ supported his opinion with substantial evidence of record. Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  To further satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination. *White v. Commissioner*, Civ. No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation and quotations omitted).  Specifically, an ALJ's "RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions." *Bowers v. Commissioner*, Civ. No. SAG–11–1445, 2013 WL 150023, at *2 (D. Md. Jan. 11, 2013) (quoting *Taylor v. Astrue*, Civ. No. BPG–11–0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012)).

Substantial evidence of record supports the ALJ's function-by-function analysis of Plaintiff's work-related abilities and the narrative discussion regarding the ultimate RFC finding, especially regarding handling and fingering.  As explained above, the extent and actual impact of the tremors was "unclear" in the record presented and the record indicated the arthritis at issue arose after the pertinent timeframe. Despite this lack of record

evidence, the ALJ took the history of tremors into consideration when determining that any work must be done "without concentrated exposure to extreme cold, wetness, vibration, fumes, odors, dust, poor ventilation, and hazards such as dangers machinery and unprotected heights." (Tr. 23). Moreover, the ALJ diminishes Plaintiff's capable work level from light, as opined by Bermudez Minda, M.D. and DDS consultant S. Rudin, M.D., to sedentary, in light to Plaintiff's "sundry physical impairments." (*Id.*). Finally, the ALJ refers to Plaintiff's "hand weakness and pain" and accordingly limits handling and fingering to frequently.[2] (Tr. 24).

All in all, Plaintiff essentially asks the Court to reweigh the evidence in order to reach a different conclusion. "However, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence." *Griffin v. Commissioner*, Civ. No. SAG–16–274, 2017 WL 432678, at *2 (D. Md. Jan. 31, 2017) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). These citations to the evidence of record demonstrate that the ALJ set forth a sufficient narrative discussion of Plaintiff's symptoms and the available record in determining her RFC. Accordingly, based on the substantial evidence of record cited by the ALJ to support the RFC determination, Plaintiff's second argument is without merit.

*Step 4*

Like Plaintiff's second argument, her third flows from the others, in that because the ALJ erred in considering her arthritis and tremors, and therefore erred in evaluating their impact on her RFC, he ultimately erred when finding that Plaintiff could have performed her past relevant work as a computer support analyst. An ALJ may rely on Vocational Experts testimony to determine whether a claimant can perform work that exists in the national economy. 20 C.F.R. §§ 404.1566, 416.966(e). The ALJ has "great latitude in posing hypothetical questions." *France v. Apfel*, 87 F.Supp.2d 484, 490 (D.Md.2000) (citing authority). The ALJ, however, need only pose those hypotheticals that are based upon substantial evidence and accurately reflect a claimant's limitations and may reject the vocational expert testimony that is based on work-related limitations that are not supported by the record. *Id.* As detailed above, the ALJ's hypothetical was based upon substantial evidence and accurately reflected the Plaintiff's limitations as presented in the record during the pertinent timeframe. Accordingly, Plaintiff's third argument also fails.

*Conclusion*

Because there is substantial evidence to support the ALJ's findings and such findings were reached through application of the correct legal standards, Plaintiff's Motion for Summary Judgment, (ECF No. 16), is **DENIED**, Defendant's Motion for Summary Judgment, (ECF No. 17), is **GRANTED**, and the Social Security Administration's judgment is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge

---

[2] Plaintiff argues that this determination falls within a paragraph concerning Carpal Tunnel Syndrome and does not pertain to her other impairments at issue. Seeing that the ALJ refers to "hand weakness and pain" generally, this Court does not agree with Plaintiff, nor is convinced that even if it did this opinion would come to a different conclusion.